UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER J. TAVARES,

                            **Plaintiff,**

  v.                                                         9:12-CV-563

MICHAEL J. AMATO, Sheriff; MICHAEL
FRANKO, Jail Administrator;

                            **Defendants.**
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

### I.  INTRODUCTION

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

In his May 14, 2013 Report-Recommendation and Order, Magistrate Judge Hummel recommends that Plaintiff's motion for summary judgement (Dkt. No. 23) be **DENIED** and that Defendants' cross-motion for summary judgment (Dkt. No. 26) be **GRANTED** with respect to Tavares' First and Eighth Amendment claims, as well as any claims for due process stemming out of Tavares' initial segregation for five days during classification, but **DENIED** in all other respects.  Plaintiff has filed an objection to Magistrate Judge Hummel's recommendations.  See Dkt. No. 37.

**II.     STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

**III.    DISCUSSION**

On May 28, 2013, Plaintiff filed a letter stating: "I am lodging my objections to the foregoing Report and would like APPELLATE REVIEW and would like to know what the

appeal process would be for my case." See dkt # 37.  Insofar as Plaintiff requests information regarding the appellate process, id., the Court refers him to the "Pro Se Handbook" pages 46-48 on "Appeals" and Fed. R. App. P. 4.  Insofar as Plaintiff requests information regarding the report-recommendation objection process, the Court refers him to the "Pro Se Handbook" pages 24-25 regarding "Objections to a Magistrate Judge's Report-Recommendation" and 28 U.S.C. 636(b)(1).  To the extent Plaintiff is asserting that he should be granted additional time to file objections to Magistrate Judge Hummel's Report-Recommendation and Order, that position is rejected.  Plaintiff is presumed to be aware of the time period and procedure for filing such objections, see Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995)("While a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them."); he filed a document which purportedly constitutes his general "objections" to the Report-Recommendation and Order, thereby indicating his knowledge of the time period and procedure for such purposes; and he offers no valid basis for an extension of the time period for filing objections.  Consequently, any request for additional time to file objections is denied.  See Faretta v. California, 95 S. Ct. 2525, 2541 n. 46 (1975)("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law.").

      Plaintiff fails to make specific objections to Magistrate Judge Hummel's report.  Accordingly, the Court reviews the Report-Recommendation and Order for clear error, and finds none.  The Court accepts and adopts Magistrate Judge Hummel's recommendations for the reasons stated in his thorough report.

**IV.    CONCLUSION**

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Hummel's recommendations for the reasons stated in his report.  Accordingly, Plaintiff's motion for summary judgement (Dkt. No. 23) is **DENIED**.  Defendants' cross-motion for summary judgment (Dkt. No. 26) is **GRANTED** with respect to Tavares' First and Eighth Amendment claims, as well as any claims for due process stemming out of Tavares' initial segregation for five days during classification, but **DENIED** in all other respects. Tavares' First and Eighth Amendment claims, as well as any claims for due process stemming out of Tavares' initial segregation for five days during classification, are **DISMISSED**.

**IT IS SO ORDERED.**

**Dated:** June 18, 2013

Thomas J. McAvoy
Senior, U.S. District Judge